**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT A. GIBBS,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE A. BRIDGETT, et al.,<br><br>Defendants. | No. 2:20-CV-1961-KJM-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1     Plaintiff names as defendants Shasta County District Attorney Stephanie A.
2 Bridgett, Deputy District Attorney Cody Jones, Deputy District Attorney Craig Omura, and the
3 County of Shasta. See ECF No. 1, pgs. 2-3. Plaintiff asserts that he was arrested and charged with
4 a crime (that is unknown based on the complaint) and that the Defendants failed, in their capacity
5 as prosecutors, to investigate the case. See id. at 4. According to Plaintiff, Defendants ignored and
6 withheld exculpatory evidence and made false statements to the court. See id. As such, Plaintiff
7 claims Defendants deprived him of due process, the right to a bail hearing, and his right to be free
8 from cruel and unusual punishment. See id. at 3. Plaintiff seeks a jury trial, monetary damages
9 and the reversal of his prior convictions. See id. at 5.

10    The Court concludes that it has subject matter jurisdiction and that the complaint is
11 appropriate for service by the United States Marshal without pre-payment of costs.[1]  If Plaintiff
12 desires service of process by the United States Marshal without pre-payment of costs, Plaintiff
13 must comply with the requirements outlined below.  Plaintiff is warned that failure to comply
14 with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may
15 result in dismissal of the action for lack of prosecution and failure to comply with court rules and
16 orders.  See Local Rule 110.

17    Accordingly, IT IS HEREBY ORDERED that:
18    1.    The Clerk of the Court shall issue a summons in a civil case, the
19 undersigned's new case documents, and an order setting this matter for an initial scheduling
20 conference;
21 / / /
22 / / /

---

[1] Given that Plaintiff's claim asserts facts which, if true, would imply the invalidity of an underlying criminal conviction, the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), would seem to apply.  The rule usually bars prisoners from asserting civil rights claims which would imply the invalidity of their convictions unless the conviction has first been set aside or otherwise invalidated.  Here, it appears that Plaintiff is no longer in custody.  What is not clear is whether he still faces collateral consequences of his conviction such that he may still seek habeas relief.  While the Ninth Circuit has held that Heck does not bar suits for plaintiffs who cannot bring habeas actions challenging their convictions, see Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002), four other circuits disagree and the Supreme Court has not clearly addressed the conflict among the circuits.  The Court invites Defendants to develop the record on this issue.

        2.       The Clerk of the Court shall send Plaintiff the summons, four (4) USM-285 forms, and a copy of the complaint;

        3.       Within 15 days from the date of this order, Plaintiff shall complete the summons by indicating the addresses of the named Defendants and shall submit to the United States Marshal at the address indicated below the following documents:

        a.       The completed summons;

        b.       One completed USM-285 form for each named Defendant;

        c.       Five (5) copies of the complaint; and

        d.       Four (4) copies of the court's initial scheduling conference order issued herewith;

        4.       Within 20 days of the date of this order, Plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that Plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

        5.       If Plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the Defendants at the addresses provided by Plaintiff; and

        6.       The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

Dated:  September 2, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE